IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                                Criminal No. 3:22cr52 (DJN)

DAVID LAVELL MORGAN,
　　　Defendant.

## MEMORANDUM OPINION
### (Denying Motion to Dismiss)

This matter comes before the Court on Defendant David Lavell Morgan's Motion to

Dismiss the Indictment (the "Motion to Dismiss"). (ECF No. 29.)  The Government responded,

(ECF No. 34), and Morgan replied, (ECF No. 40).  Having reviewed the pleadings, the Court has

determined that oral argument will not aid the Court's decisional process, as this Court addressed

and dismissed an argument identical to the one raised in Defendant's Motion in *United States v.*

*Horma*, 2018 WL 4214136 (E.D. Va. 2018) (Lauck, J.).  Therefore, the Court CANCELS oral

argument on Defendant's Motion and, for the reasons set forth below, DENIES Defendant's

Motion to Dismiss.

## I.　　　BACKGROUND

### A.　　Factual Background

The pertinent facts in this case are brief and undisputed.[1]  At all times relevant,

Defendant's prior convictions included at least one felony conviction in Richmond City Circuit

Court of a crime punishable by imprisonment for a term exceeding one year.  (Aff. Supp. Crim.

---

[1]　　　The Court recites these facts for background purposes only.  Because Defendant lodges a
facial attack on the constitutionality of the statute, the Court need not resolve any factual disputes
or accept facts in any party's favor.

Compl. ("Aff.") ¶ 12 (ECF No. 1).)

On January 29, 2022, at approximately 12:50 p.m., Henrico County Police Department ("HCPD") officers arrived at the 100 block of Engleside Drive in the County of Henrico, Virginia (the "Essex Village Apartments") to execute an outstanding felony arrest warrant for Defendant, on file with HCPD through the Richmond City Police Department. (Govt.'s Resp. Def.'s Mot. Dismiss ("Govt.'s Resp.") at 1 (ECF No. 34).) After observing Defendant exit and re-enter the apartment building registered as his home address, HCPD officers established surveillance on the building and began monitoring its breezeway. (Govt.'s Resp. at 1.)

An hour-and-a-half later, at approximately 2:20 p.m., Defendant exited the apartment building. (Govt.'s Resp. at 2.) HCPD officers approached Defendant, confirmed his identity, and arrested him pursuant to the outstanding warrant. (Govt.'s Resp. at 2.) While detained, Defendant informed HCPD officers that he possessed a firearm on his person. (Govt.'s Resp. at 2.) The officers searched Defendant and recovered a loaded 9mm Beretta pistol. (Govt.'s Resp. at 2.) Upon arrest, Defendant acknowledged his status as a convicted felon. (Govt.'s Resp. at 2.)

## B.    Procedural History

On May 3, 2022, a federal grand jury in the Eastern District of Virginia indicted Defendant under Title 18 Section 922(g)(1), which prohibits the possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). On August 2, 2022, the Government filed a Superseding Indictment, providing notice of the Government's intent to seek a sentencing enhancement under § 924(e), the Armed Career Criminal Act. (ECF No. 25.)

On August 8, 2022, Defendant moved to dismiss. (ECF No. 29.) In support of his Motion, Defendant proffers two arguments. First, Defendant contends that the statute under

2

which the Government charges him, 18 U.S.C. § 922(g), is unconstitutionally vague pursuant to

the Supreme Court's 2015 decision in *Johnson v. United States*, 576 U.S. 591 (2015).  Second,

Defendant argues that his prior convictions, as identified in the Superseding Indictment, fall

within the § 921(a)(20)(A) exception to § 922(g) for offenses "relating to the regulation of

business practices."

Because Defendant withdraws the latter argument in his Reply, the Court will not address

it here.  *See B.R. v. F.C.S.B.*, 17 F.4th 485, 493 (4th Cir. 2021) ("Article III does not assign to

federal courts any power to . . . give advisory opinions . . . .").  Thus, the Court takes up only

Defendant's constitutional argument.

## II.   STANDARD OF REVIEW

An indictment premised on the defendant's alleged violation of an unconstitutional

statute is defective.  *United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010) (citing *In

re Civil Rights Cases*, 109 U.S. 3, 8-9 (1883)).  Federal Rule of Criminal Procedure 12(b)(3)

requires that a defendant object to a defective indictment, if at all, by pretrial motion "if the basis

for the motion is then reasonably available and the motion can be determined without a trial on

the merits."  Fed. R. Crim. P. 12(b)(3)(B).

While "a [district] court may not dismiss an indictment . . . on a determination of facts

that should have been developed at trial," a district court may consider a pretrial motion to

dismiss "where the government does not dispute the ability of the court to reach the motion and

proffers, stipulates, or otherwise does not dispute the pertinent facts." *Horma*, 2018 WL

4214136, at *5 (citing *United States v Weaver*, 659 F.3d 353, 355 n. * (4th Cir. 2011)).  Rule

12(b) thus warrants dismissal if (1) the parties mutually concede the relevant facts and (2) the

statute upon which the Government grounds the defendant's indictment suffers from an

3

unconstitutional infirmity. *See United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) ("A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution.'").

Because neither party contests the pertinent facts and the Government does not dispute the Court's ability to consider the Motion to Dismiss, Defendant's Motion stands ripe for the Court's consideration. Fed. R. Crim. P. 12(b)(3).

### III.   ANALYSIS

Defendant challenges § 921(a)(20)(A) and, by extension, § 922(g) as void for vagueness under *Johnson v. United States*, in violation of the Fifth Amendment's Due Process Clause. 571 U.S. 591. Because the Court finds § 921(a)(20)(A) unambiguous, Defendant's vagueness challenge fails.

#### A.   Statutory Framework

The Government's Indictment and Defendant's Motion to Dismiss implicate two statutes. First, 18 U.S.C. § 922(g)(1) (the "Felon-in-Possession Statute") forbids any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C. § 922(g)(1).

Second, 18 U.S.C. § 921(a)(20) defines the term "crime punishable by imprisonment for a term exceeding one year." The relevant subsection here, § 921(a)(20)(A) (the "Business Practices Exception"), excludes from that definition "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or *other similar offenses relating to the regulation of business practices.*" 18 U.S.C. § 921(a)(20)(A) (emphasis added).

Together, the two statutes establish the following:  pursuant to the Business Practices Exception, an individual convicted of a federal or state offense "pertaining to antitrust violations,

4

unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" does not violate the Felon-in-Possession Statute by possessing a firearm. *Id.*

Defendant contends that the residual clause to the Business Practices Exception (italicized above) "is subject to such a [sic] vague and counterintuitive exceptions that it renders" the entire § 921(a)(20) definition of the term "crime punishable by imprisonment for a term exceeding one year" void for vagueness. (Mot. at 1.) By extension, Defendant argues, the vague definition of "crime punishable by imprisonment for a term exceeding one year" invalidates § 922(g)(1), as the statute fails to alert individuals as to what conduct the Felon-in-Possession Statute punishes. (Reply at 3.) As described below, the Court rejects Defendant's vagueness challenge, because it finds the Business Practices Exception unambiguous on its face.

### B.    Vagueness Doctrine

The Fifth Amendment provides that "no person shall … be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Government violates this guarantee where it takes someone's life, liberty, or property under color of a criminal statute so vague that it "fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S. at 595; *see also United States v. Lanier*, 520 U.S. 259, 266 (1997) ("[T]he vagueness doctrine bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926))).

Put differently, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."

5

*Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  To succeed in a vagueness challenge, a

defendant must show a lack of fair warning of "what the law intends to do if a certain line is

passed." *McBoyle v. United States*, 283 U.S. 25, 27 (1931).

### C.    *Johnson v. United States*

Defendant asserts that § 921(a)(20) fails under the Supreme Court's vagueness doctrine

as outlined in the Court's 2015 holding in *Johnson v. United States*.  (Def.'s Reply Govt.'s Resp.

Def.'s Mot. Dismiss ("Def.'s Reply") at 1-3.)   In *Johnson*, the Supreme Court partially

invalidated 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), finding the statute's

definition of the term "violent felony" unconstitutionally vague. *Id.* at 596-601.

The Armed Career Criminal Act imposes lengthened prison sentences on criminal

defendants with three prior convictions "for a violent felony or a serious drug offense, or both."

18 U.S.C. § 924(e)(1).  ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i) has as an element the use, attempted use, or threatened use of physical
> > force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves [the] use of explosives, or
> > *otherwise involves conduct that presents a serious potential risk of
> > physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

*Johnson* concerned a challenge to the residual clause in ACCA's definition of the term

"violent felony" (italicized above).  576 U.S. at 591.  In 2010, Johnson, a convicted felon with a

lengthy criminal record, showed undercover Federal Bureau of Investigation ("FBI") agents "his

AK–47 rifle, several semiautomatic firearms, and over 1,000 rounds of ammunition." *Id.* at 595.

Following his resultant arrest, Johnson pled guilty to possessing a firearm as a convicted felon in

violation of 18 U.S.C. § 922(g). *Id.* at 595.  Citing Johnson's prior "violent felony" convictions,

including unlawful possession of a short-barreled shotgun, the Government sought an enhanced

sentence under ACCA. *Id.* The district court sentenced Johnson to a fifteen-year prison term,

finding that his conviction for unlawful possession of a short-barreled shotgun constituted a

"violent felony" pursuant to 924(e)(2)(B)(ii)'s residual clause. *Id.* Johnson challenged ACCA's

residual clause as unconstitutionally vague. *Id.*

The Supreme Court invalidated ACCA's residual clause, resting its decision on two

principal conclusions. *Id.* at 597. First, ACCA's residual clause left "grave uncertainty" as to

how courts should estimate the risks posed by a crime, because "[the clause] ties the judicial

assessment of risk to a judicially imagined 'ordinary case'[2] of a crime, not to real-world facts or

statutory elements." *Id.* Second, the clause failed to lay down "how much risk it takes for a

---

[2]     In *United States v. Horma*, the Court previously explained a third key element of the
Supreme Court's vagueness analysis in *Johnson*:

> Johnson's finding of vagueness also rested on the uncertainty created by using the
> "ordinary case" analysis coupled with a qualitative standard. This "ordinary case"
> analysis follows from the requirement that a court "[d]eciding whether the residual clause
> covers a crime . . . picture the kind of conduct that the crime involves in 'the ordinary
> case,' and . . . judge whether that abstraction presents a serious potential risk of physical
> injury." *Johnson*, 135 S. Ct. at 2557. This categorical approach requires courts in the
> sentencing context to apply the facts considering a so-called ordinary case of the offense,
> instead of contemplating the facts underlying the defendant's previous conviction. *See
> Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016); *see also* 3 Charles Alan Wright &
> Sarah N. Welling, *Federal Practice and Procedure* § 549 (4th ed. 2018) (describing that
> the categorical approach governs when "the government seeks to use a previous
> conviction to increase the sentence being imposed for the current conviction," and is used
> to analyze "whether the previous conviction qualifies to increase the sentence");
> *Chapman v. United States*, No. 1:16cv512, 2018 WL 3470304, at * 11 (E.D. Va. July 19,
> 2018), *appeal filed by United States v. Chapman*, 2019 WL 11590771 (4th Cir. 2018)
> ("As the Supreme Court explained in *Johnson*, one of the predominant features of the
> ACCA residual clause that gave rise to its unconstitutional indeterminacy was that it did
> not limit the risk-of-force analysis to the conduct surrounding the elements of the crime
> but instead required courts to 'imagine' how a stylized version 'of the crime subsequently
> plays out.'" (quoting *Johnson*, 135 S. Ct. at 2557–58)).

2018 WL 4214136, at *15 n.26.

7

crime to qualify as a violent felony." *Id.* at 598.

Although the Supreme Court generally "do[es] not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct," the Supreme Court underlined the critical difference between ACCA's statutory mechanics and those of other federal and state criminal laws that require judges to estimate the magnitude of risk inherent to a defendant's conduct:

> [A]lmost all [of the laws Johnson cites] require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion.* ... [ACCA's] residual clause, however, requires application of the "serious potential risk" standard to an idealized ordinary case of the crime. Because "the elements necessary to determine the imaginary ideal are uncertain both in nature and degree of effect," this abstract inquiry offers significantly less predictability than one "that deals with the actual, not with an imaginary condition other than the facts."

*Id.* at 603-04 (quoting *Int'l Harvester Co. of Am. v. Kentucky*, 234 U.S. 216, 223 (1914)).

ACCA's residual clause thus failed, because the Court could establish neither a predictable method "to measure the risk posed by a crime" nor a reliable standard for "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 598.  Together, these failures rendered ACCA's residual clause "more unpredictab[le] and arbitrar[y] than the Due Process Clause" allows. *Id.*

### D.     *United States v. Horma*

Defendant argues that "the residual clause of § 921(a)(20)(A) shares the same features as the residual clause of ACCA that led the Supreme Court to declare it void for vagueness." (Reply at 2.)  This Court entertained, and rejected, a nearly identical challenge to § 921(a)(20) four years ago in *United States v. Horma.*  2018 WL 4214136, at *14-17 (Lauck, J.).[3]  Because

---

[3]     Defendant concedes that the argument raised here mirrors the argument raised in *Horma*: "[Defendant's argument] is the same as the argument made in *United States v. Horma*." (Reply at 1.)

8

Defendant identifies no change in the applicable law since *Horma*, and the Court finds no material flaws in its previous analysis of the issue, the Court adopts its prior reasoning (laid out in detail below, *see infra* III.E) and holds that § 921(a)(20) survives the vagueness challenge. *Id.*

In *Horma*, a Maryland grand jury indicted Defendant Mohamed Abdellahi Mohamed Horma for two violations of the Maryland Tax Code. *Id.* at *2. The day after Horma pled guilty to felony transportation and possession of untaxed cigarettes, law enforcement executed a search warrant on Horma's Virginia residence, recovering a Ruger firearm and ammunition. *Id.* at *3. The Government subsequently indicted Horma for, *inter alia*, receiving a firearm while under indictment for a crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. § 922(n).[4] *Id.*

Horma moved to dismiss the indictment, arguing that § 921(a)(20) violated the Due Process Clause's prohibition of vague criminal statutes in that it failed to provide Horma fair notice of whether the Maryland statutes prohibiting the transportation and possession of untaxed cigarettes fell within the Business Practices Exception to § 922(n). *Id.* at *4. The Court rejected Horma's vagueness challenge, finding that both "the clear meaning of the Business Practices [Exception] and *Johnson*'s narrow holding" supported upholding §§ 921(a)(20) and 922(n). *Id.* at *14. The Court finds the same here.

**E.    Defendant's Contention That § 921(a)(20)(A) is Void for Vagueness Fails Under the Logic of *Horma*.**

Because Defendant stipulates as much, the Court understands Defendant's argument as indistinguishable from Horma's. The Court therefore leans on its prior analysis in disposing

---

[4]    18 U.S.C. § 922(n) reads as follows: "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate foreign commerce."

with Defendant's Motion. *See Buzek v. Pepsi Bottling Grp., Inc.*, 501 F. Supp. 2d 876, 885 (S.D. Tex. 2007) ("Of course, district court opinions in themselves have no precedential effect, and so there is no obligation to conform to their holdings. Such decisions may be useful as persuasive authority, however, to the extent they are well-reasoned and on point.") (citations omitted).

In what constituted the thrust of Horma's vagueness claim, Horma contended that "[b]y enumerating certain offenses, and then announcing a mismatched residual category, [18 U.S.C.] § 921(a)(20)(A) is remarkably similar to [ACCA's] Residual Clause." *Id.* at *16. Defendant makes the same argument, verbatim, in his Reply. (Reply at 2.) The Court found Horma's comparison inapt, and the Court now finds the same with respect to Defendant. *Horma*, 2018 WL 4214136, at *16.

> ### i.     Defendant's Interpretation of The Business Practices Exception Contravenes Settled Principles of Statutory Interpretation.

In *Horma*, the defendant argued that, given the generic language in its qualifying phrase ("relating to the regulation of business practices"), the Court should interpret the residual clause to the § 921(a)(20)(A) Business Practices Exception ("other similar offenses relating to the regulation of business practices") to include a wide swath of business regulations, including the laws criminalizing the "transportation of unstamped cigarettes" under which Horma was previously convicted. *Id.* at *11, n.24. Defendant implies (and indeed, his argument necessitates) a similarly broad interpretation of the qualifying phrase to prove that there exists a "serious mismatch" between § 921(a)(20)(A)'s enumerated offenses (antitrust violations, unfair trade practices, and restraints of trade) and its residual clause.[5]

---

[5]     Defendant argues that "[i]f the enumerated offenses are construed, as the court in *Stanko* did, to refer only to those offenses involving an effect on consumers or competition, then there is a serious mismatch between those offenses and the broad residual clause of 'similar offenses relating to the regulation of business practices.'" (Reply at 3.) Defendant's suggestion that a mismatch exists, which is central to his vagueness argument, thus necessarily implies that

10

However, "established principles of statutory interpretation" belie Defendant's proposed broad reading, just as they did in *Horma*. 2018 WL 4214136, at \*11. Defendant's suggested reading falls apart under any one of multiple foundational canons.

First, the rule of the last antecedent advises that "a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Id.* (quoting *United Seniors Ass'n v. Soc. Sec. Admin.*, 423 F.3d 397, 402 (4th Cir. 2005)). Applied to the Business Practices Exception, the qualifying phrase ("relating to the regulation of business practices") thus modifies only the preceding antecedent "other similar offenses." *Id.* Put differently, the rule of the last antecedent precludes an interpretation of the qualifying phrase ("relating to the regulation of business practices") that includes offenses *dissimilar* to the enumerated offenses, as the scope of the qualifying phrase can expand no further than the noun immediately preceding it — "other similar offenses." Defendant's broad interpretation, to include offenses dissimilar to those enumerated, directly contradicts the rule of the last antecedent.

Second, the rule against surplusage advises that courts give effect, if possible, to every word of a statute. *See United States v. Ivester*, 75 F.3d 182, 185 (4th Cir. 1996) (noting the Fourth Circuit's reluctance "to interpret statutory provisions so as to render superfluous other provisions within the same enactment."). Applied here, "Congress's inclusion of the word 'similar' to modify 'offenses' in the [residual clause] 'indicates an intent to limit the Business Practices [Exception]'s reach to offenses which are 'comparable' or 'nearly corresponding' to

---

Defendant advocates for a broad reading of the qualifying phrase to the residual clause, to include offenses *dissimilar* to the enumerated offenses. While Defendant fails to make explicit what offenses his broad reading would capture, his argument clearly suggests that "other similar offenses relating to the regulation of business practices" encapsulates a wide swath of business regulations.

the enumerated offenses.'" *Horma*, 2018 WL 4214136, at *11 (quoting *United States v. Stanko*, 491 F.3d 408, 414 (8th Cir. 2007)). An alternative construction "would render the word 'similar' superfluous and without meaning." *Id.* Stated another way, if the offenses that the residual clause describes need not be similar to "offenses pertaining to antitrust violations, unfair trade practices, [and] restraints of trade," then Congress' inclusion of the term "similar" to describe those offenses becomes meaningless. *See id.*

Third, the doctrines of *ejusdem generis* and *noscitur a sociis* also work against Defendant's broad reading. The Court analyzed both in *Horma*:

> Other established principles of statutory interpretation support [the Court's] reading. Under the doctrines of *ejusdem generis* (of the same kind or class) and *noscitur a sociis* (it is known by its associates), "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Here, the [qualifying phrase] refers generally to "offenses relating to the regulation of business practices," certainly less specific than the three enumerated types of offenses preceding the [residual clause]— "antitrust violations, unfair trade practices, and restraints of trade." These doctrines of statutory interpretation therefore instruct that the [qualifying phrase] should be "understood as a reference to subjects akin" to the specifically enumerated offenses.

*Id.* (cleaned up).

Taken together, these established principles of statutory construction weigh heavily against Defendant's broad reading of the Business Practices Exception. The Court refuses to interpret § 921(a)(20)(A) in a manner that renders the word "similar" superfluous, as Defendant's interpretation requires. As it did in *Horma*, the Court finds § 921(a)(20)(A)'s plain meaning clear: The Exception's residual clause ("other similar offenses relating to the regulation of business practices") refers to offenses similar in nature and character to the enumerated offenses ("antitrust violations, unfair trade practices, [and] restraints of trade"). *Id.* at *12.

### ii.   Because its Plain Meaning is Clear, the Business Practices Exception (§ 921(a)(20)(A)) Survives the Vagueness Inquiry

Having disposed of Defendant's proposed broad interpretation of the qualifying phrase ("relating to the regulation of business practices"), the Court's vagueness inquiry resolves easily.

Again, Defendant's rather conclusory argument boils down to the following:  The Court should find § 921(a)(20)(A) unconstitutionally vague because, like the ACCA residual clause found void for vagueness in *Johnson*, the Business Practices Exception to § 922(g) "enumerate[s] certain offenses," and then "announc[es] a mismatched residual category."  (Reply at 2.)  Putting aside the fact that the mismatch between ACCA's enumerated offenses and its residual clause did not suffice, standing alone, to support the Supreme Court's reasoning in *Johnson*, Defendant's mismatch contention "flows from [Defendant]'s proposed broad reading" of the qualifying phrase.  *Horma*, 2018 WL 4214136, at *16.  The residual clause ("other similar offenses relating to the regulation of business practices") conflicts with the enumerated offenses only if the Court interprets the residual clause to include offenses entirely dissimilar to antitrust violations, unfair trade practices, and restraints of trade.  Without Defendant's proposed broad reading, which the Court concludes contradicts the plain meaning of the statute, there exists no mismatch between the enumerated offenses and the qualifying phrase.

The residual clause ("other similar offenses relating to the regulation of business practices") means exactly what it says.  Namely, that in addition to the enumerated offenses (antitrust violations, unfair trade practices, [and] restraints of trade"), offenses similar to antitrust violations, unfair trade practices, and restraints of trade fall outside the definition of "crimes punishable by imprisonment for a term exceeding one year" upon which a § 922(g) conviction can be grounded.  As the Court pointed out in *Horma*, the Fifth, Seventh, and Eighth Circuits

have reached the same conclusion — the Business Practices Exception is not unconstitutionally vague. *Id.* at *17.

In *Stanko*, the Eighth Circuit found that "the general phrase 'or other similar offenses relating to the regulation of business practices' refers back for its meaning to the [enumerated offenses]." *Stanko*, 491 F.3d at 414. To adopt the defendant's proposed meaning, under which the residual clause would "encompass a vast array of business-related offenses," would, in the Eighth Circuit's telling, "render the use of 'similar' nonsensical, [and] render the enumerated terms superfluous[,] because each enumerated offense is by definition an offense related to the regulation of business practice." *Id.* at 413-14.

Similarly, the Seventh Circuit rejected a vagueness challenge to the Business Practices Exception, finding that "the word 'similar' limits the term 'offenses,' so that it refers back to the three enumerated offenses, and is further limited by 'relating to the regulation of business practices.'" *United States v. Schultz*, 586 F.3d 526, 531 (7th Cir. 2009). "Accordingly, an ordinary individual would have notice that the § 921(a)(20)(A) exception applies only if he or she committed an enumerated or similar offense related to the regulation of business practices." *Id.*

Finally, the Fifth Circuit found the Business Practices Exception clear on its face as well. *United States v. Coleman*, 609 F.3d 699, 707 (5th Cir. 2010). "[T]he business practices exception is not unconstitutionally vague," the court held, "because it requires that the excluded offenses be a specific type of business offense or similar to such specific offenses relating to the regulation of business practices." *Id.*

The Court will not seek out ambiguity where none exists. Defendant's proposed construction contravenes the plain meaning of the statute, compelling precedent outside the

14

Fourth Circuit, and the Court's prior decision on an identical argument. Because the Business Practices Exception, 18 U.S.C. § 921(a)(20)(A), reads unambiguously on its face, the Court finds neither § 921(a)(20)(A) nor § 922(g) void for vagueness. Accordingly, the Court denies Defendant's Motion to Dismiss.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 29) will be DENIED.

An appropriate order will issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date:  September 22, 2022